UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LISA APTAKER MD (DAUGHTER OF JULIA),

                   *Petitioner,*

     – against –

JUDAH SAMET, *Court Appointed Guardian*, JUDAH SAMET, *Chief Executive Officer, Allied Community Support Services*, SARAH SAMET, *Director, Allied Community Support Services*, FRANCISCO NUNEZ, *Case Manager, Allied Community Support Services*, ALLIED COMMUNITY SUPPORT SERVICES, STEVEN WIEDER, *Administrator*, BEZALEL REHABILITATION & NURSING HOME, NAT GORDON, *Chief Operating Officer, Bezalel Rehabilitation & Nursing Home,*

                 *Respondents.*

**MEMORANDUM & ORDER**
26-cv-01708 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

On March 12, 2026, pro se petitioner Lisa Aptaker filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on behalf of her 90-year-old mother, Julia Lamburt, who petitioner asserts is being held against her will in a nursing home by Lamburt's court-appointed legal guardian. *See* Emergency Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1. Petitioner also filed a motion for a preliminary injunction and/or temporary restraining order. *See* Decl. in Supp. of Mot. to Hear Case on Emergency Basis and for Prelim. Inj. & TRO ("PI Mot."), ECF No. 6. On April 20, 2026, the Court issued an order denying the Petition on the basis that petitioner had failed to exhaust state remedies. *See* Mem. & Order, ECF No. 34. Also on April 20, 2026, petitioner filed a motion to disqualify

1

the undersigned and have the case reassigned to a different judge pursuant to 28 U.S.C. § 455 and the Code of Conduct for United States Judges. *See* Emergency Mot. for Judicial Disqualification and Emergency Reassignment and Emergency Hr'g ("Disqualification Mot.") at 1, ECF No. 35.[1] The following day, April 21, 2026, petitioner filed a letter to the Court asserting that the Court improperly dismissed the habeas petition while the Disqualification Motion was pending. *See* Ltr. Regarding Failure to Address Mot. to Disqualify Judge & Reassignment ("Ltr. to Court"), ECF No. 36. Petitioner also filed a letter to Chief District Judge Margo K. Brodie of the Eastern District of New York asserting that the Court dismissed the petition as retaliation for petitioner's Disqualification Motion. *See* Ltr. Regarding Request for Administrative Review and Reassignment ("Ltr. to Chief Judge") at 2, ECF No. 37.

Petitioner's Disqualification Motion is DENIED. The principal basis for the Motion is that "[t]his writ was filed five weeks ago" and "despite the urgency . . . [t]he Court has failed to intervene to safeguard [Lamburt]'s fundamental rights." Disqualification Mot. 2. The Motion notes that under 28 U.S.C. § 455(a), judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." The Motion also notes that under 28 U.S.C. § 455(b)(1), judges must disqualify themselves if they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Finally, the Motion notes that Canon 3(A)(4) of the Code of Conduct for United States Judges states that "[a] judge should accord to every person who has a legal interest in a proceeding . . . the full right to be heard according to law."

---

[1]  Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

None of these authorities require disqualification in the instant case. First, petitioner argues that "[w]here a judge fails to act in the face of credible evidence of unlawful detention and constitutional violations, a reasonable observer could question the Court's impartiality." Disqualification Mot. 5; *see also* Disqualification Mot. 5–6 ("Failure to take action to investigate or address [petitioner's] allegations further contributes to the appearance of partiality."). However, "mere delay in the disposition of a motion does not justify disqualification." *Petre v. NYS Workers' Comp. Bd.*, No. 23-cv-01641, 2025 WL 1311033, at *5 n.3 (E.D.N.Y. May 6, 2025), *aff'd on other grounds sub nom.*, *Petre v. Am. Motorist Ins. Co.*, No. 25-1362-CV, 2025 WL 3716439 (2d Cir. Dec. 23, 2025) (summary order); *see also Walker v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 18-cv-06082, 2019 WL 624930, at *2 (S.D.N.Y. Feb. 14, 2019) ("Mere delay, without other facts or law, is not evidence of partiality or the appearance of partiality and certainly does not rise to the extremity required [for disqualification].").[2] Furthermore, this case was assigned to the Court on March 24, 2026, petitioner provided necessary documentation regarding the status of her state court appeal on April 9, 2026, and the Court issued an order resolving the petition on April 20, 2026.

Second, petitioner argues that Lamburt "has been denied . . . [t]he ability to appear before the Court" in violation of Canon 3 of the Code of Conduct for United States Judges. Disqualification Mot. 5. That Canon directs the Court to "accord to every person who has a legal interest in a proceeding . . . the full right to be heard according to law." Canon 3(A)(4). However, the law is clear that a district court does not need to hold a hearing if it already has all of the facts necessary to resolve the petition. *See Reilly v.*

---

[2]  Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*Morton*, 213 F.3d 626, 2000 WL 528650, at *1 (2d Cir. Apr. 28, 2000) (unpublished table decision) ("[T]he district court had before it . . . all the relevant facts to evaluate [the] petition, and we thus reject [petitioner]'s contention that the district court erred in denying his petition, as a matter of law, without holding an evidentiary hearing."); *Tashbook v. Petrucci*, No. 20-cv-05318, 2022 WL 884974, at *7 (S.D.N.Y. Mar. 25, 2022) (declining to hold a hearing even where petitioner alleged factual disputes because "[p]etitioner did not exhaust his administrative remedies and cannot demonstrate that exhaustion should be excused," thereby rendering the alleged factual disputes immaterial).

The Court briefly addresses petitioner's allegations that the Court improperly dismissed the Petition while the Disqualification Motion was pending. Ltr. to Court 2. The Court issued a Memorandum and Order dismissing the petition for failure to exhaust state remedies on April 20, 2026 at 3:30 PM. Petitioner's Disqualification Motion was filed on April 20, 2026 at 4:25 PM. The time of petitioner's filing is reflected by the blue stamp in the upper right-hand corner of the first page of the Motion. *See* Disqualification Motion 1. The Motion was thus filed after the Memorandum and Order. In any event, regardless of the timestamp, the Court issued the Memorandum and Order before receiving or being aware of any motion for disqualification.

## CONCLUSION

For the foregoing reasons, petitioner's Disqualification Motion is DENIED.

**SO ORDERED.**

/s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:    April 27, 2026
          Brooklyn, New York

4